**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

MARIA AUSTIN, individually and on behalf
of others similarly situated,

    Plaintiff,

v.

THE GOLUB CORPORATION,

    Defendant.

Civil Action No. 1:18-cv-778 (FJS/CFH)

**COMPLAINT**
**FLSA COLLECTIVE ACTION AND**
**RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff Maria Austin by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff Maria Austin ("Plaintiff") brings this action on behalf of herself and all others similarly situated, against Defendant The Golub Corporation ("Defendant"), to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for herself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216 and 217, and other applicable federal law.

2. Plaintiff also brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL § 190 et seq., §§ 650 et seq., New York Codes, Rules & Regulations ("NYCRR"), including 12 NYCRR §§ 142-2.6, 195 and New York common law.  Plaintiff seeks, for herself and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime

{B0052083.1}

wages, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief, pursuant to *inter alia,* the NYLL §§ 198, 663.

## JURISDICTION

3.      Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendant does business in, and accordingly resides in, this District.

## PARTIES

6.      Plaintiff resides in the County of Ulster, in the State of New York.  Plaintiff was hired in 1992 as a "Loss Prevention Officer" by Defendant and then her job title was changed around January 2014 to "Loss Prevention Manager" by Defendant.  Her job duties remained the same.  Plaintiff is a current employee of Defendant.

7.      Defendant The Golub Corporation is a Delaware corporation.   The Golub Corporation, through its subsidiaries, operates discount supermarkets under the Price Chopper, Market 32 and Market Bistro banners.  It offers products in the areas of pharmaceuticals, meat, flowers, cheeses, seafood, and deli products.  The company is based in Schenectady, New York and has locations in Connecticut, Massachusetts, New Hampshire, New York, Pennsylvania, and Vermont.

8.      At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the "production of goods" for "commerce", within the

meaning of 29 U.S.C. § 203.  At all times relevant hereto, Defendant has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).  At all relevant times, Defendant has employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

9.    Defendant The Golub Corporation owns several grocery store and pharmacy chains, including Price Chopper.

10.    Price Chopper is a grocery store with approximately 135 locations in the United States.

11.    Defendant employs "Loss Prevention Officers" and "Loss Prevention Managers" such as Plaintiff and each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class to monitor store premises.

**During the Rule 23 Class Period Defendant Employed Plaintiff and the Members of the Rule 23 Class As "Loss Prevention Officers"—A Job Position Which Defendant Classified as Non-Exempt**

12.    Plaintiff was initially employed by Defendant in 2013 as a "Loss Prevention Officer", a position which Defendant classified as "non-exempt".  At such time, Plaintiff was paid approximately $22.45 per hour.

13.    During the Rule 23 Class Period (as defined below), "Loss Prevention Officers" performed the following duties:

- Monitor store premises;

- Call police to report theft;

- Review surveillance footage;

- Conduct witness interviews;

- Prepare incident reports; and,

- Request permission to file police reports.

14.    During the Rule 23 Class Period, Plaintiff and the members of the Rule 23 Class (as defined below) were routinely required to perform work during meal periods.

15.    Plaintiff and the members of the Rule 23 Class regularly worked in excess of forty (40) hours in a workweek but Defendants failed to pay them overtime wages for such time worked. Plaintiff worked on a routine basis 50 to 60 hours a week (excluding the on-call time) for which she was not paid overtime.  This occurred approximately 45 weeks a year, which excludes only the weeks in which Plaintiff took vacation time.

16.    In addition, Plaintiff and the members of the Rule 23 Class were expected to be available by cell phone 24 hours a day, seven days a week when they were not working their scheduled hours, but Defendant does not compensate them for all of the hours they are on call but not at a store location and for other work performed "off-the-clock" including emails and drive time..

17.    Defendant knew that Plaintiff and the members of the Rule 23 Class were performing uncompensated work.

18.    Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Defendant failed to pay wages and overtime wages for all hours worked. Defendant knew that the nonpayment of wages and overtime wages would economically injure Plaintiff and the Rule 23 Class Members, and that it violated the NYLL.

**Defendant Subsequently Re-Named and Re-Classified the "Loss Prevention Officer" Position But Did Not Alter the Duties and Expectations of the Position**

19.    In or about January 2014, Defendant re-classified all employees in the position of "Loss Prevention Officer" including Plaintiff.  Defendant re-named the position "Loss Prevention

Manager" and classified the position as "exempt" however the job duties and expectations of the position did not change.

20.    When Plaintiff's position changed to "Loss Prevention Manager" she was paid approximately $917 to $973 gross per week, a figure that remained consistent throughout the Class Period.

21.    Defendant classifies "Loss Prevention Managers" as salaried non-exempt employees, however, such classification is improper and, as a corporate policy and/or practice, Defendant fails to compensate "Loss Prevention Managers" for all hours worked in the performance of their duties.  Plaintiff worked on a routine basis 50 to 60 hours a week (excluding the on-call time) for which she was not paid overtime.  This occurred approximately 45 weeks a year, which excludes only the weeks in which Plaintiff took vacation time.

**Allegations Regarding Misclassification of Plaintiff and FLSA Collective Class Members as "Exempt" Employees**

22.    Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

23.    The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *See Hogan v. Allstate Ins. Co.,* 361 F.3d 621, 625 (11th Cir.2004) (per curiam) (citing *Atlanta Prof'l Firefighters Union, Local 134 v. City of Atlanta*, 920 F.2d 800, 804 (11th Cir.1991). Pursuant to the FLSA, the test for the executive exemption (which is nearly identical to the administrative exemption) requires that an employee's main, principal and "primary duty" consists of the "management of the enterprise" in which he or she is employed. In addition, the executive employee's work must include "the customary and regular direction" of work of two or more employees, including the hiring and firing processes, as well as "customarily and regularly

exercis[ing] discretionary powers." The regulations define an exempt administrative employee as one whose "primary duty" consists of "office or non-manual work." A high degree of discretion and independence is also required by the employee for a successful classification under the executive and administrative exemptions.

24.     Pursuant to the FLSA, an exempt professional employee is one whose work requires "theoretical and practical application of highly specialized knowledge in computer systems analysis, programming, or software engineering." The professional employee's work requires consistent exercise of discretion and judgment.

25.     The job duties of Defendant's "Loss Prevention Manager" employees, such as Plaintiff and the members of the FLSA Class, included:

- Monitor store premises;

- Call police to report theft;

- Review surveillance footage;

- Conduct witness interviews;

- Prepare incident reports; and,

- Request permission to file police reports.

26.     Plaintiff and the members of the FLSA Class did not have any supervisory role for Defendant.

27.     Based upon the foregoing, the Plaintiff and the members of the FLSA Class are not exempt from the FLSA's overtime requirements.

28.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

29.     The Plaintiff and the members of the FLSA Class were improperly classified by the Defendant as exempt during the FLSA Class Period; their work duties dictate they should be classified and compensated as non-exempt employees.

**Defendant's Misclassification Resulted in Violations of the FLSA**

30.     By means of Defendant improperly classifying "Loss Prevention Managers" as exempt salaried employees as opposed to non-exempt hourly employees, Defendant avoided its obligation to pay overtime wages to "Loss Prevention Managers". Plaintiff alleges that Defendant systemically and uniformly failed to pay Plaintiff and members of the putative class all wages owed including overtime wages as a direct result of being misclassified as "exempt" during the Class Period.

31.     FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. § 207(a)(1).

32.     "Loss Prevention Managers" are also expected to be available by cell phone 24 hours a day, 7 days a week. Defendant does not compensate Loss Prevention Managers for all of the hours they were on call but not at a store location and for other work performed "off-the-clock" including emails and drive time.

33.     The Plaintiff and the members of the FLSA Class as defined below were forced to work overtime hours, every week and was not paid overtime for hours worked in excess of 40 in any given work week.

34.     The Plaintiff and the members of the FLSA Class as defined below worked approximately 50 to 60 plus hours a week while employed by Defendant.

35.    During her tenure as a "Loss Prevention Manager", Plaintiff was classified by Defendant as an exempt employee.  During her tenure as a "Loss Prevention Manager", Plaintiff performed job duties each week that were not compensated.  As a result, Plaintiff received less than the wage contracted for.

36.    Each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class also performed work in their performance of required job duties for the benefit of Defendant that was not paid.

37.    Defendant knew that Plaintiff and the FLSA Collective Plaintiffs were performing uncompensated work.

38.    As a result of the above illegal policies and practices, Defendant routinely failed to pay Plaintiff and the FLSA Collective Plaintiff, and members of the Class, for all of the hours they worked (i) at their regular hourly rates of pay for the hours they worked up to 40 hours per week and (ii) overtime wages for hours worked in excess of 40 per week.

39.    Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Defendant failed to pay wages and overtime wages for all hours worked. Defendant knew that the nonpayment of wages and overtime wages would economically injure Plaintiff and the FLSA Collective Plaintiffs and that it violated the FLSA.

40.    Defendant committed the foregoing acts knowingly, intentionally and willfully against Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class members.

41.    All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees. 29 U.S.C.A. § 211.

42.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the

required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See Wirtz v. First State Abstract Ins. Co*., 362 F.2d 83 (8th Cir. 1966). An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See Myers v. The Copper Cellar Corp*., 192 F.3d 546, 551 (6th Cir. 1999).

43.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and the members of the FLSA Class, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, Plaintiff and the members of the FLSA Class may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946).

44.     Plaintiff and the members of the FLSA Class allege that Defendant's failure to pay overtime was knowing and willful. Accordingly, Plaintiff and the members of the FLSA Class are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three-year statute of limitations.

45.     Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the FLSA Class.

### COLLECTIVE ACTION ALLEGATIONS

46.     The Plaintiff brings Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

> All individuals in the United States who contracted with Defendant to serve as "Loss Prevention Managers" from three (3) years from the time of filing this class action to the date judgment is rendered in this case.

47.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

48.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages.  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

49.     Other "Loss Prevention Managers" currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

50.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 218(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## **RULE 23 CLASS ALLEGATIONS- NEW YORK LABOR LAW**

51.     Plaintiff brings the Second Claim for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and statutory damages on behalf of a class of all individuals employed by Defendant as a "Loss Prevention Manager" in New York State from six (6) years from the time of filing this class action to the date judgment is rendered herein (the "Class Period").  All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Rule 23 Class".

52.    **Numerosity & Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believes and based thereon alleges that Defendant (a) failed to pay to Plaintiff and the Rule 23 Class all wages, including overtime wages, earned and (b) failed to pay all earned wages in a timely manner.

53.    **Adequacy of Representation:** The Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff has no interests antagonistic to the Class. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in courts across the Country.

54.    Defendant uniformly administered a corporate policy, practice of misclassifying Plaintiff and Class Members as exempt employees and not paying Plaintiff and the Class all wages, including overtime wages.

55.    Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

56.    Plaintiff is informed and believes and based thereon alleges that Defendant had a consistent and uniform policy, practice and procedure of willfully failing to comply with New York Labor Law §§ 191, 193, 652, 663 and the FLSA. Plaintiff and other members of the Class did not secret or absent themselves from Defendant, nor refuse to accept the earned and unpaid wages from Defendant.

57.    **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant not paying Plaintiff and the Class all wages, including overtime wages, earned.

58.    **Typicality:**  The claims of the Plaintiff are typical of the claims of all members of the Rule 23 Class.  Plaintiff is a member of the Rule 23 Class and has suffered the alleged violations of New York Labor Law §§ 191, 193, 663 and the FLSA.

59.    The New York Labor Law and the FLSA upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

60.    The nature of this action and the format of laws available to Plaintiff and members of the Rule 23 Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee and common law employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

61.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

62.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Rule 23 Class identified herein, in a civil action, for declaratory and injunctive relief, unpaid wages, unpaid overtime, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief, pursuant to *inter alia,* the NYLL §§ 198, 663.

63.    Proof of a common business practice or factual pattern, which the Plaintiff experienced and is representative of, will establish the right of each of the members of the Rule 23 Class to recovery on the causes of action alleged herein.

64.    The Rule 23 Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant.  The Rule 23 Class is commonly entitled to restitution of those funds being improperly withheld by Defendant.  This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on behalf of herself and the FLSA Collective Plaintiffs)

65.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

66.     Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). Plaintiff's written consent with private information redacted is attached hereto as Exhibit "A".

67.     The FLSA Collective Plaintiffs have been, and are, entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.  Defendant is subject to the requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.  Id.

68.     The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 203.

69.     The FLSA defines "employ" to include to suffer or permit to work. 29 U.S.C. § 203.

70.     The FLSA Collective Plaintiffs are, or were, employed by Defendant, and, as such, are or were employees of Defendant. 29 U.S.C. § 203.

71.     As a pattern and practice, Defendant regularly required the FLSA Collective Plaintiffs to perform job duties without the payment of any wages.  Defendant was aware of such non-payment of wages.

72.     As a pattern and practice, Defendant regularly failed to pay the FLSA Collective Plaintiffs and members of the FLSA Collective Class overtime wage compensation for all hours they were on call.

73.     As a pattern and practice, Plaintiff and the members of the FLSA Collective Class worked in excess of forty (40) hours in a week and yet Defendant regularly failed to pay the FLSA Collective Plaintiffs and members of the FLSA Collective Class overtime compensation for such hours.

74.     Defendant violated, and continues to violate, the FLSA, including 29 U.S.C. § 206(a)(1), by failing to pay for all work performed and for failing to pay sufficient wages.

75.     Plaintiff and members of the FLSA Collective Class are victims of a uniform and company-wide compensation policy. Upon information and belief, Defendant is applying this uniform policy of not paying wages for all hours "Loss Prevention Managers" are on call or reimbursing costs incurred to all employees nationwide during the last three years.

76.     Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and members of the FLSA Collective Class are entitled to recover unpaid overtime wages pay pursuant to 29 U.S.C. § 216.

77.     Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

> a.   Whether Defendant misclassified Plaintiff and other collective employees as "exempt" versus "non-exempt";
>
> b.   Whether Defendant's policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;
>
> c.   Whether Defendant's policies and practices were to write down the time worked by Plaintiff and collective employees;
>
> d.   Whether Defendant failed to include all remuneration in calculating the appropriate rates straight time;

e.  Whether Defendant should be enjoined from continuing the practices which violate the FLSA; and

f.  Whether Defendant is liable to the collective employees.

78.  As a result of the aforesaid willful violations of the FLSA's overtime wage provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and members of the FLSA Collective Class. Accordingly, Defendant is liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

79.  WHEREFORE, the Plaintiff, on behalf of herself and all members of the FLSA Collective Class, pray for relief as follows:

a.  Designation of this action as a collective action on behalf of the members of the FLSA Class and promptly issue notice to all members of the opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join;

b.  A declaration that Defendant is financially responsible for notifying all FLSA Collective Class Members of their alleged violations;

c.  Designation of Bradley/Grombacher LLP and Blitman & King LLP as the attorneys representing the FLSA Collective Class;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq.;

e.  An award of damages for compensation due to Plaintiff and members of the FLSA Collective Class, including liquidated damages, to be paid by Defendant;

f.   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.   Pre-Judgment and post-Judgment interest, as provided by law; and

h.   Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGES

**(12 New York Comp. Codes R. & Regs. Part 142-2, et seq.;**

**N.Y. Lab. Law §§ 2 and 650 et seq.)**

**By Plaintiff on behalf of herself and the Rule 23 Class**

80.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

81.    Defendant is an "employer" and the Plaintiff and members of the Rule 23 Class are, or were, "employees" who were "employed" by Defendant.  12 N.Y. Comp. Codes R. & Regs. § 142-2.14; N.Y. Lab. Law § 2.

82.    It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

83.    Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Rule 23 Class Members for all hours worked and for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

84.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Rule 23 Class Members have sustained damages, including loss of

earnings, in an amount to be established at trial.

85.    Plaintiff and members of the Rule 23 Class are entitled to recover the unpaid balance of the full amount of wages owing, including interest thereon, as well as reasonable attorneys' fees, and costs of suit.  N.Y. Lab. Law § 663.

86.    Because Defendant did not have a good faith basis to believe that their underpayment of wages was in compliance with the law, Plaintiff and members of the Rule 23 Class are additionally entitled to recover liquidated damages equal to one hundred percent of the total of such underpayments found to be due.  N.Y. Lab. Law § 663.  Plaintiff and the Members of the Rule 23 Class are also entitled to any other relief available under the statutes.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES TIMELY AND AT RATES AGREED UPON

### (New York Labor Law §§191, 198)

### By Plaintiff on behalf of herself and the Rule 23 Class

87.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

88.    Pursuant to Article Six of the New York Labor Law, workers such as Plaintiff and the members of the Rule 23 Class are protected from wage underpayments and improper employment practices.

89.    N.Y. Lab. Law § 191(d) provides that workers such as Plaintiff and the members of the Rule 23 Class "shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

90.     Defendant routinely failed to pay "Loss Prevention Managers" the wages owed at the rates agreed upon and at the times agreed upon.

91.     In failing to pay Plaintiff and the members of the Rule 23 Class the proper wages for all hours worked when such wages were due, Defendant violated Labor Law § 191.

92.     By withholding earned wages from Plaintiff and the members of the Rule 23 Class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendant made unlawful deductions in wages owed to Plaintiff and the members of the Rule 23 class.

93.     Moreover, to the extent that Defendant paid wages, Defendant routinely failed to pay Plaintiff and the members of the Rule 23 Class in a timely manner in accordance with pre-arranged payment schedules in further violation of Labor Law § 191.

94.     Upon information and belief, Defendant's failure to pay Plaintiff and the members of the Rule 23 Class all earned wages and compensation was willful.

95.     In addition to the full wages they are owed, the Plaintiff and members of the Rule 23 Class are entitled to recover liquidated damages that accrued during the six years prior to the commencement of this action, plus attorneys' fees and costs.  N.Y. Lab Law § 198(3).  Plaintiff is also entitled to any other relief available under the statutes.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (New York Labor Law §§ 190 et seq.)

### By Plaintiff on Behalf of Herself and the Rule 23 Class

96.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

97.     Defendant failed to supply Plaintiff and the Rule 23 Class members with accurate statements of wages as required under the NYLL, Article 6, § 195(3). Specifically, Defendant

failed to provide an accurate number of hours worked by Plaintiff and the Class members or their rates of pay.

98.    Defendant maintained inaccurate time records and paid Plaintiff and the members of the Rule 23 Class according to the inaccurate time records.   Specifically, the records did not reflect all the time worked by Plaintiff and the members of the Rule 23 class and thus, did not properly reflect the hours worked or the true rate of pay.

99.    Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

100.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for an Order:

    a.    Certifying this matter to proceed as a class action;

    b.    Approving Plaintiff as Class representative of the proposed Class;

    c.    Appointing Bradley/Grombacher, LLP to serve as Class Counsel;

    d.    Requiring Defendant to provide the names and current (or best known) addresses of all members of the identified Collective and Class;

    e.    Authorizing Class Counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

f.  Finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the collective group members;

g.  Finding that Defendant willfully violated the applicable provisions of the NYLL by failing to pay all required wages to Plaintiff and the New York Class members;

h.  Granting judgment in favor of Plaintiff and the members of the collective group and Class on all Counts;

i.  Awarding all available compensatory damages in an amount to be determined;

j.  Awarding all available statutory damages;

k.  Awarding an equal amount of liquidated damages as provided by the FLSA;

l.  Awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

m.  Awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

n.  Awarding any further relief the Court deems just, necessary and proper;

o.  Granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

p.  Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, by and through her undersigned counsel, hereby demands a jury trial in the above-captioned matter.

DATED:  June 29, 2018                         **BLITMAN & KING LLP**


By:  s/ Brian J. LaClair_____
     Brian J. LaClair (515995)
**BLITMAN & KING LLP**
Franklin Center, Suite 300
443 North Franklin Street
Syracuse New York 13204-5412
Telephone: 315-422-7111
Facsimile: 315-471-2623
Email: bjlaclair@bklawyers.com